IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN G. LEWIS, | 1:08-cv-01638-DLB (HC) |
| Petitioner, | |
| vs. | ORDER TRANSFERRING CASE TO CENTRAL DISTRICT OF CALIFORNIA |
| GOV ARNOLD SCHWARZENEGGER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges a prison disciplinary action.

Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.pauperis; the application has been not been ruled on by this court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, petitioner challenges the result of a prison

1 disciplinary proceeding which occurred in California State Prison, Lancaster, located in the Central
2 District of California.  Whereas here the petitioner attacks the execution of his sentence, as opposed
3 to an attack on the conviction itself, the proper forum in which to review such a claim is the district
4 of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. §
5 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where
6 the prisoner is confined.").  Petitioner is confined in California State Prison, Lancaster located in the
7 Central District of California.  Therefore, the petition should have been filed in the United States
8 District Court for the Central District of California.  In the interest of justice, a federal court may
9 transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.
10 McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

    IT IS SO ORDERED.

    Dated:   **October 31, 2008**           /s/ **Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE